UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD EVANS, | ) |
| Plaintiff, | ) Case No. 4 05CV01123 A |
| vs. | ) JURY TRIAL DEMANDED |
| YORK PICTURES, INC. d/b/a "YORK ENTERTAINMENT," "YORK INTERNATIONAL" and "YORK HOME VIDEO;" and LEONARD'S T.V., INC. d/b/a "LEONARD'S TV" and "SCOT'S VIDEO," | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff Chad Evans, by attorney, and states the following for his preliminary allegations against Defendants.

1. Plaintiff is an adult citizen of the United States residing within the Eastern District of Missouri.

2. Defendant York Pictures, Inc. d/b/a "York Entertainment," "York International" and "York Home Video" (hereinafter "York") is a California Corporation which, during all times relevant, operated a motion picture and video production, re-production and distribution business.

3. Defendant Leonard's T.V., Inc. d/b/a "Leonard's TV" and "Scot's Video" (hereinafter "Leonard's") is a Missouri Corporation which, during all times relevant, maintained its primary place of business within the Eastern District of Missouri and operated an electronics and video retail business within the Eastern District of Missouri.

4. Material events underlying Plaintiff's claims, as more fully explained below, occurred within the Eastern District of Missouri.

5. This Court maintains jurisdiction over York pursuant to R.S.Mo. Sec. 506.500 a.k.a. "the Missouri long arm statute."

6. This Court maintains venue over Plaintiff's claims brought herein pursuant to 28 U.S.C. Sec. 1391(b) and 28 U.S.C. Sec. 1391(c).

## COUNT I: COPYRIGHT INFRINGEMENT

Comes now Plaintiff, by attorney, and, for Count I of his Petition against Defendants, states as follows:

7. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 above as if fully set forth and restated herein.

8. This Court maintains jurisdiction over Count I pursuant to 17 U.S.C. Sec. 101 et seq., 28 U.S.C. Sec. 1331 (federal question), and 28 U.S.C. Sec. 1338(a) (copyright).

9. Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States Copyright Act, 17 U.S.C. Sec. 101 et seq., with respect to certain copyrighted sound recordings encompassed within works entitled "Warrior," "Go" and "Truth is What I Feel" (hereinafter collectively referred to as "the Copyrighted Recordings"). The Copyrighted Recordings are the subject of valid Certificates of Copyright Registration issued by the United States Register of Copyrights to Plaintiff.

10. Among the exclusive rights granted to Plaintiff under the Copyright Act, 17 U.S.C. Sec. 101 et seq., are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to re-sellers and to the public.

2

11. Throughout times relevant, York has, without Plaintiff's authorization, produced, re-produced, distributed and sold to re-sellers and to the public certain of the Copyrighted Recordings, which are contained within a motion picture / video entitled "Hairdo U" produced, re-produced and distributed by York.

12. Leonard's has, without Plaintiff's authorization, distributed and sold certain of the Copyrighted Recordings to the public, which are contained within Hairdo U.

13. Defendants have thereby violated Plaintiff's exclusive rights of reproduction and distribution and Defendants' actions constitute infringement of Plaintiff's copyrights and / or exclusive rights under the Copyright Act, 17 U.S.C. Sec. 101 et seq.

14. Plaintiff has been damaged monetarily as a direct and proximate result of Defendants' actions.

15. As a direct result of Defendants' actions, as aforesaid, Plaintiff has incurred mental and emotional distress and suffering.

16. Defendants have earned profits attributable to the infringements.

17. Plaintiff has been informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against each Defendant:

a) For Plaintiff's actual monetary and emotional damages suffered as a result of the infringement plus profits of Defendants attributable to the infringement or statutory damages pursuant to 17 U.S.C. Sec. 504(c) (Plaintiff to later elect measure of damages pursuant to 17 U.S.C. Sec. 504(c));

b) For an award of Plaintiff's costs incurred herein,

c)  For an award of Plaintiff's attorney's fees incurred herein;

d)  For an award of pre-judgment interest; and

e)  For such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF RIGHT TO PRIVACY / MISAPPROPRIATION OF NAME

Comes now Plaintiff, by attorney, and for Count II of his Petition against Defendants states as follows:

18. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17 above as if fully set forth herein.

19. This Court maintains pendent claim jurisdiction over Count II pursuant to 28 U.S.C. Sec. 1367.

20. Without Plaintiff's authorization, York used Plaintiff's name in Hairdo U.

21. Defendants had the duty to refrain from using Plaintiff's name to obtain an advantage without Plaintiff's authorization.

22. Defendants used Plaintiff's name to obtain an advantage without Plaintiff's authorization.

23. Defendants' actions, as aforesaid, violated Defendants' duty to Plaintiff, violated Plaintiff's right to privacy, and constitute misappropriation of Plaintiff's name.

24. As a direct result of Defendants' actions, as aforesaid, Defendants have been unjustly enriched and Plaintiff has been monetarily damaged.

25. As a direct result of Defendants' actions, as aforesaid, Plaintiff has incurred mental and emotional distress and suffering.

26. Defendants' actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count II of his Complaint, Plaintiff prays this Court to enter its order, judgment and decree awarding him the amount of Defendants' unjust enrichment, a sum of money making Plaintiff whole for the harm caused including compensatory damages and damages for mental and emotional distress and suffering, punitive damages in an amount sufficient to punish and deter Defendants and others from like conduct; Plaintiff's costs of litigation and pre-judgment interest thereon; and such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF RIGHT TO PUBLICITY

Comes now Plaintiff, by attorney, and for Count III of his Petition against all Defendants states as follows:

27. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

28. This Court maintains pendent claim jurisdiction over Count III pursuant to 28 U.S.C. Sec. 1367.

29. Defendants had the duty to refrain from using Plaintiff's name without consent to obtain a commercial advantage.

30. Defendants used Plaintiff's name to obtain a commercial advantage without Plaintiff's consent.

31. Defendants' actions, as aforesaid, violated Defendants' duty to Plaintiff and violated Plaintiff's right to publicity.

32. As a direct result of Defendants' actions, as aforesaid, Defendants have been unjustly enriched and Plaintiff has been monetarily damaged.

33. As a direct result of Defendants' actions, as aforesaid, Plaintiff has incurred mental and emotional distress and suffering.

34. Defendants' actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, on Count III of his Complaint, Plaintiff prays this Court to enter its order, judgment and decree awarding him the amount of Defendants' unjust enrichment; punitive damages in an amount sufficient to punish and deter Defendants and others from like conduct; Plaintiff's costs of litigation and pre-judgment interest thereon; and such other and further relief as this Court deems just and proper.

Respectfully submitted,

POTASHNICK LAW FIRM

*/s/ Mark Potashnick*

Mark Potashnick, E.D.MO # 35970
111 Westport Plaza, Suite 600
St. Louis, Missouri 63146
Telephone: (314) 275-9150
Facsimile: (314) 275-9151

Attorney for Plaintiff