UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1123 CDP |
| | ) | |
| YORK PICTURES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter was recently transferred to the undersigned. A number of motions are pending.

As instructed by the Court, plaintiff filed a motion for entry of default judgment as to defendant York Pictures, Inc. The Clerk of Court has entered default. Upon review, however, I do not believe that entry of default judgment is appropriate at this time. First, this is not a "sum certain" type of case where the Clerk can enter default judgment under Rule 55(b)(1), Fed. R. Civ. P. Second, the Court does not have sufficient evidence from which to determine a just amount of damages. Plaintiff seeks the maximum amount of statutory damages, but the copyright statute does not automatically allow all plaintiffs the maximum award under the statute. 17 U.S.C. § 504(c)(1) allows an award "of not less than $750 or more than $30,000 as the court considers just." This allows for discretion on the

court's part to determine what damages are "just," and the court must have some evidentiary basis for making that decision.  See Morley Music Co. v. Dick Stacey's Plaza Motel, Inc., 725 F.2d 1, 3 (1st Cir. 1983); United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).  Finally, where "there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."  Pfanenstiel Architects, Inc. v. Chouteau Petroleum Company, 978 F.2d 430, 433 (8th Cir. 1992).  I will therefore deny the motion for default judgment without prejudice, and will consider the appropriate amount of a default judgment to be entered against the defaulting party at a later stage of this case.

Defendant Loose Cannon Films, Inc. has filed a motion to dismiss Counts V and VIII of plaintiff's second amended complaint.  Those counts are titled "Violation of Right to Privacy/Misappropriation of Name" and "Violation of Right to Publicity."  The parties have filed extensive briefs arguing about the various species of privacy torts under Missouri law, and whether plaintiff has stated a claim. Having fully considered the parties' arguments, and assuming all facts alleged in the complaint to be true, as I must, I conclude that plaintiff has sufficiently alleged the

closely related Missouri torts of misappropriation of name and violation of right of publicity.  See Doe v. TCI Cablevision, 110 S.W.3d 363, 368-69 (Mo. 2003)(en banc).  Whether plaintiff will be able to prove these claims or whether facts about the case exist that preclude recovery on these theories is not something that I can decide on the limited record of a motion to dismiss.  The complaint alleges what the Doe case says are the elements of torts recognized by Missouri law, and therefore I will deny the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [#24] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to substitute correct exhibit [#26] and for leave to file surreply [#27] are granted.

**IT IS FURTHER ORDERED** that defendant Loose Cannon's motion to dismiss Counts V and VIII [#18] is denied.

This case will be set for a Rule 16 conference by separate order entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2006.